## ₁Anderson *against* Blakely.

" P having informed me that he is making some purchases from you, and not being acquainted with you, that you wish some reference. Though not personally acquainted, yet I would say from my knowledge of P, that you might credit him with perfect safety, and that anything he might purchase from you I would see paid for." *Held*, to be a letter of credit, limited in its extent, to the purchases then being made.

ERROR to the District Court of *Allegheny* county.

Anderson & Canan against James Blakely. This action was brought to recover from the defendant the amount of a book account for goods sold and delivered by the plaintiffs to Thomas Pratt on the 12th February 1839, and at several other dates between that time and the 30th May 1839, amounting to $923.99, on account of which the said Thomas Pratt had paid on the 12th February 1839 $100, on the 13th April $100, and on the 11th July $90. The first bill of goods purchased was on the 12th February 1839, and amounted to $230.07. The action against the present defendant was founded upon the following letter of credit :

" Messrs Anderson & Canan :

" Gentlemen,—Mr Pratt having informed me that he is making some purchases from you, and not being acquainted with you, that you wish some reference. Though not personally acquainted, yet I would say from my knowledge of Mr Pratt that you might credit him with perfect safety, and that any thing he might purchase from you, I would see paid for. Respectfully yours,

" JAMES BLAKELY."

This letter was without date, but was delivered to the plaintiffs 4th February 1839.

It was proved by the plaintiffs that in June 1839 Blakely, the defendant, called on them and said " that although Pratt was an honest and industrious man, he would not be accountable for goods got by him after that time."

SHALER, President, was of opinion that the true construction of the letter credited limited the defendant's liability to the amount of the bill of goods which was then the subject of negotiation between the parties; and that this liability was not enlarged or altered by the parol proof of the defendant's notice to the plaintiffs, after the whole amount of the account now claimed was purchased, " that he would not be liable for goods purchased after that time ;" and directed a verdict for the defendant.

[Anderson v. Blakely.]

*M'Clure* and *M'Candless,* for plaintiffs in error, argued that the true construction of the paper was a continuing letter of credit, and bound the defendant up to the time it was countermanded; and cited 2 *Camp.* 436; 12 *East* 227; 2 *Camp.* 39, 414; 3 *Camp.* 220; 2 *Hall's Rep.* 197; 3 *Yerger* 330; 7 *Peters* 134; 5 *Binn.* 195. And what greatly strengthens this construction is, that it is one which the defendant himself put upon it, as is manifest by the notice he gave " that he would not be liable for goods purchased thereafter."

*Metcalf, contra.* The intention of the parties must govern their rights and liabilities; and that intention can only be gathered from the letter, which is the ground of the action. There is no rule which requires a strict interpretation of that letter against the defendant; on the contrary, inasmuch as he derived no consideration himself, his liability should not be extended beyond its reasonable construction. " Mr Pratt having informed me that he is making some purchases from you," is the ground-work of the defendant's engagement; and whatever obligation he put upon himself in the subsequent part of the letter has reference to present purchases. The cases in 8 *Johns.* 119, and 16 *Serg. & Rawle* 212, seem to be conclusive, in sustaining the opinion of the court below.

The opinion of the Court was delivered by

SERGEANT, J.—This case depends upon the construction to be given to the letter of credit of February 1839, addressed to the plaintiffs and signed by the defendant; and the question is, whether it is an unlimited credit for any amount of goods which might be then or at any future time purchased, until countermanded, or was restricted to the amount of purchases then to be made.

It cannot be denied that this is a question of some nicety, admitting of plausible arguments on either side, whether taken up as a new question, or after examination of the cases that have arisen, as may be seen by reference to the authorities cited by the counsel in the present instance. None of these cases, it seems to me, so nearly resembles the present as the two cases in New York and Pennsylvania, relied on by the court below in delivering their opinion. In *Ten Eyck v. Vanderpool,* (8 *Johns. Rep.* 120), the defendant wrote to the plaintiff, saying, " our sons wish to take goods of you on credit; we are willing to lend our names as security for any amount they may wish;" and the court there held it to be limited to the first parcels of goods. In *Aldricks* v. *Higgins,* (16 *Serg. & Rawle* 213), that case was approved of by this court. There a letter of credit was written, authorizing credit to be given to the bearer for any sum not exceeding a certain amount, and binding the writer to pay the amount named, or a less sum, as the

[Anderson v. Blakely.]

bearer might think proper to contract; it was held that the defendant would be liable only for goods which were first furnished by the plaintiffs, on the faith of the letter of credit. In the present case, the words are, " Mr Pratt having informed me, that *he is making* some purchases from you, and not being acquainted with you, that you wish some reference. Though not personally acquainted, yet I would say, from my knowledge of Mr P., that you might credit him with perfect safety, and that *any thing* he might purchase from you, I would see paid for."

The face of this letter would seem rather to import that Pratt was then making some purchases from the plaintiff, and that the credit was to be referred to them. There is no allusion to any future purchases, or intimation that the guaranty was to extend to all future dealings between the parties, and to any unlimited period of time. It could hardly be presumed that the defendant would, for the reasons stated in this letter, give his guaranty for another through a series of months or years, and to an unlimited amount. There is more reason, perhaps, for giving a freer interpretation where the sum is, as in several of the cases, limited; because there the party intrenches himself within a certain amount, beyond which he can in no case be made liable. But where there is no restriction of the amount, the guaranty should be carefully scanned, to see whether it justifies a party in the large construction contended for. At any rate, we consider our own case in 16 *Serg. & Rawle*, and the New York case, as opinions on the point not lightly to be overthrown, and as justifying the interpretation given by the court below in the present case.

Judgment affirmed.