*Alricks, for plaintiff.*

*Kunkel and Herr, for defendant.*

---

*Court of Common Pleas, Dauphin County, June 23d, 1868.*

BAY & BROTHER *v.* THOMPSON ET AL.

A guarantee must be accepted and acted on, and notice of such acceptance must be given to the guarantor in order to bind him, unless the acts of guaranteeing and acceptance are simultaneous. Notice of the amount furnished and the sum claimed must also be given to the guarantor in order to bind him.

BY THE COURT.—Three questions of law were raised by way of defence on the trial of the case.

1. There could be no recovery for more than the bill of castings being made at the time the guarantee was drawn and delivered.

2. To make the alleged guarantee available as a contract, it must not only be accepted and acted on by the plaintiffs, but notice thereof given to the defendants.

3. There should have been notice to the defendants of the amount of castings claimed under the guarantee, and demand made thereof, before bringing the suit.

These are substantially the points.

The writing on which the suit was brought was in these words:

"HARRISBURG, January 1st, 1866.

MESSRS. BAY & BROTHER.

GENTLEMEN: We or either of us do hereby guarantee that Messrs. Man & Thompson will deliver the pig metal in exchange for the castings you are making for them in a reasonable time after they blow in their furnace.        KIRK HAINES,
                                        W. G. THOMPSON."

The evidence shows that the only castings then ordered, and being made, were the hot-blast sluices and brick staffs, amounting in all to $161.10, delivered on the 2d and 4th of January, 1866; and we instructed the jury that the guarantee covered no other articles.    To that opinion we still adhere, and are supported in it by Anderson *v.* Blakely (2 W. & S. 237), and Alricks *v.* Higgins (16 S. & R. 213).

2.  No notice was given to the defendants that their guarantee of the 1st of January, 1866, was accepted and acted on, or of the amount of castings furnished on the faith of it, until this suit was brought.    It is now broadly contended that no notice of acceptance was necessary.    It is sufficiently evidenced by the delivery of the castings, as the writing is absolute in its terms.    For the distinction between writings absolute in their terms, and those containing a proposition tending to a guarantee, Pitman on Principal and Surety (pp. 29 and 30), is relied on, and the cases therein cited, and when examined they certainly have that appearance; but the law appears to be settled otherwise in the United States, and even the English cases are not easily reconciled.    We think that Parsons in his work on contracts (vol. i, pp. 500, 501, 502, of 2d edition), has hit upon the true distinction.    "If one goes *with* a purchaser, and there says to the seller, 'Furnish him with the goods he wishes, and I will guarantee the payment,' and the seller thereupon furnishes the goods, this would be sufficient notice to the guarantor.    But if the guarantee were for a future operation, perhaps for one of an uncertain amount, and offered by letter, there should then be distinct notice of acceptance and also notice of the amount furnished on the guarantee, unless the amount be the same specified in the guarantee."

Story on Contracts (s. 873), lays down the same general rule as to acceptance and notice thereof, giving as almost the only exception, the guarantee of a particular note or bond, when acceptance will be presumed.    The same distinction is spoken of by several of the judges in their opinions.    The notice of acceptance should always be given *promptly*, and the amount of the articles furnished in a reasonable time (1 Mason, 323), and in every guarantee for future advances the acceptor must give prompt notice that he has accepted, and agreed to act under it (1 Story's R. 22, see pp. 31 and 32).

The doctrine appears to be perfectly settled in the Supreme Court of the United States.    Where the guarantee is on a note for a specific sum, notice of acceptance is not necessary.    But wherever the guarantee is prospective, looks to an act afterwards to be done, to future transactions, is not for a specific, certain amount, notice of acceptance must be given (10 Peters, 482, especially pp. 494, 5, and 6; see also, 7 Cranch, 91; 5 Peters, 624; 7 Peters, 125).

In Adams *v.* Jones (12 Peters, 207), it is declared that this is no longer an open question. And, in that case, the guarantee looks quite as much like a *positive, present undertaking,* as does the one now in suit.

That general doctrine is sustained in 10 Howard, 475. But after notice of acceptance, that case decides that prompt notice of the amount advanced on the guarantee need not be proved, provided the principal was insolvent when the debt fell due, for there could then be no loss from the want of notice.

This doctrine is not confined to that court; we find it established and recognized in the jurisprudence of several of the States. In Walker *v.* Forbes (25 Alabama, 139), it is declared that notice of the acceptance should be *promptly given,* and of the amount furnished in a reasonable time, and that was in as positive a guarantee as this (see also 2 Alabama, 373).

In Maine a similar rule was established at an early day, Norton *v.* Eastman (4 Greenleaf, R. 521). The promise was to pay the amount trusted to the principal, not exceeding $75, or at the end of one year, $100, and held that notice of acceptance was indispensable. There the promise to guarantee was positive. The principle of this case is reiterated in Tuckerman *v.* French (7 Greenleaf, 115, also in 22 Maine, 175). The same rule prevails in Connecticut (13 Conn. 28), and in Massachusetts (12 Pick. 135; 22 Pick. 228). It is held that in the guarantee of a debt yet to be contracted, and uncertain in amount, the guarantor must have notice of the acceptance, and the credit given on the faith of it (see also 11 Met. 361).

The law is, to some extent, held otherwise in the State of New York, of late years (24 Wend. 35; 6 Hill, 243; 3 Comstock, 212). The rule was formerly the same as in most of the other States (17 John. 134), and in that case the guarantee was in very positive words.

Some of the new Western States, which generally implicitly follow the courts of New York in all of their mutations, have adopted the rule there recently laid down; such is, we believe, the case in Indiana and Wisconsin. In Ohio, the courts adhere to the doctrine of those of the United States (10 Ohio R. 490).

The courts of Pennsylvania have laid down the rule broadly, and adhered to it inflexibly. In Kay *v.* Allen (9 Barr, 320), the words of guarantee were very strong. "I would recommend P. M. M., and would go security for him to any reasonable amount; so you can fill his orders and feel yourself as secure as when I was doing business with you;" and held that notice of acceptance must be given, and that is said to be necessary in *every case,* except where the agreement to accept is contemporaneous. In fact that is no exception, for the parties being together, the whole matter is agreed on at once.

[Bay & Brother *v.* Thompson et al.]

This is reiterated in Unangst *v.* Hebler (2 Casey. 150), and still more enlarged on in Kellogg *v.* Stockton & Fuller (5 Casey, 460), where the substantial words were "Please furnish him with a suitable stock, and all will be right," yet held that notice of acceptance was indispensable, and Chief Justice Lewis says that there is no exception to the rule, for the contemporaneous act is no exception; the guarantee and acceptance are simultaneous acts. The question is no longer an open one, in this State, and probably, sitting in an inferior court, we should no further reason on it than to see that the case submitted for our adjudication comes within the rule. The words of the writing sued on are very positive: "We, or either of us, do hereby guarantee," but it is for an act to be done at an uncertain time in the future, the delivery of the pig-metal within a reasonable time after they shall blow in their furnace. There is no certainty as to the amount, like the guarantee indorsed on a note or bond, nor of the time when the act shall be done. It is no more binding than a letter of credit which promises payment on consideration that goods are furnished or money lent.

The party receiving must in this, as in those cases, say, "I accept your guarantee and shall act on it." Several of the promises, where notice of acceptance was declared to be indispensable, were just as strong and positive in their terms, and a vast deal more definite in amount than this, which is most uncertain. It is a proposal, not to guarantee payment, but that the parties for whom they propose to become security, shall perform a collateral act, deliver the pig-metal, uncertain both as to time and amount. But to bring it within the rule laid down in 5 Casey, the acts of guaranteeing and accepting must be concomitant and simultaneous, or notice of acceptance given. That was not pretended here, and we still entertain the opinion expressed to the jury on the trial, that for want of this notice, the plaintiff cannot recover. It never became a binding contract.

3. No notice was given of the amount furnished under the guarantee or the sum claimed thereon.

This has been held in several respectable courts to be necessary before bringing suit. In Babcock *v.* Bryant (12 Pick. 133), it was held that reasonable notice must be given of the amount claimed under the guarantee, and a special request to make payment on the part of the guarantor before bringing suit. The plaintiff was there permitted to discontinue, to enable him to make the request, and bring a new suit. To the same effect is Norton *v.* Eastman (4 Greenleaf R. 521). The science of pleading shows that notice of the amount claimed and demand of payment are necessary (Comyn's Digest, title Pleading, c. 69, 73, 74). There can be no doubt but that this promise was a collateral undertaking.

[Lawrence's Executor, for Use of Brown, *v.* Rutherford et al.]

Man and Thompson being the principal debtors, the amount due was known to the plaintiffs alone, and not to the defendants, who, from aught that appeared, did not know that a dollar's worth of castings had been advanced.

Several cases show that notice of the amount furnished must be given to the guarantors in a reasonable time after delivery, even when notice is given of the acceptance of the guarantee, else the guarantor will be absolved (22 Pick. 223; 11 Met. 361). Other cases to the same effect might be cited. The necessity of this notice might be obviated, as held in Gibbs *v.* Cannon (9 S. & R. 198), by proving that the principal debtor was insolvent at the time the claim fell due, and so continued. This was proved on the trial of the present cause, and it may be possible that such proof would also dispense with the necessity of a demand before suing.

The question is unimportant in view of our decision on the last preceding point, as that is decisive of the cause; but having ruled the one principle against the plaintiffs, we should so decide the other, to enable all to come up at once in the Supreme Court.

The motion for a new trial is overruled, and judgment directed on the verdict.

*Alricks, for plaintiff.*

*Herr and Lamberton, for defendant.*