Scott, J.
Counsel for defendant in error claims that the instrument of writing upon which the petition in this case 'bases the liability of their client is not a guaranty of any kind. The petition, however, avers that it was acted upon .as a guaranty by the plaintiff’s firm ; and from its terms we think it was intended by the writer that it should be so understood and acted on. It is not a representation as to the solvency or pecuniary circumstances of the party .about to ask credit from the plaintiff; but a request or direction that such credit should be given, and an unqualified assurance that the doing so would “ be all right.” The •sale and delivery which it directs or requests could only be made “ all right ” to the plaintiff by punctual payment, according to the terms of the sale. And we think the writing imports a guaranty of such payment. It was an •absolute assurance that the lumber which might be deliv■ered to defendant’s son, at his request, would be paid for.
But, within a week from the date of this guaranty, the •son obtained from the plaintiff lumber to the value of $226, ■on the faith of this guaranty, this being the full amount that he then asked for; and this amount he has since fully paid for. The only question arising on the demurrer to plaintiff’s petition is, whether the guaranty in questio» is a continuing one, referable by its terms to other and subsequent sales of lumber,- made by plaintiff to defendant’s sou, ■or whether its terms limit it to a single transaction.
We see no good reason why contracts of warranty should not be construed by the rules applicable to the construction of contracts generally. As contracts by which the guarantor assumes the position of a surety, and becomes responsible for the default of his principal, there would ■seem to be good reason for not holding him liable beyond the express terms of his agreement; and, on the other *182 hand, there can be no good reason why a guarantor, who-procures a credit to be given which would have otherwise been refused, should not be held liable to the full extent warranted by the terms of the guaranty. In all written contracts, we think the language of the parties should be-so construed as to give effect to their clearly ascertained intention. And, as au additional rule, we think it well settled that all contracts, in which the terms are in any respect equivocal, should be read in the light of the circumstances under which they were entered into. This is to be done, not for the purpose of varying the intention of the parties, as disclosed by the writing, but of ascertaining what the parties, in fact, meant by the doubtful language employed for the expression of their intention. The language of the guaranty in this case is, “ Please send my son the lumber he asks for, and it will be all right.” There is no express limit to the quantity of lumber to be-furnished. This is left to depend solely on the pleasure of the purchaser. But it may well admit of doubt whether it contemplates more than a single purchase. Its language-is in the present tense. And it might therefore be held that this language embraces only such lumber as the guarantor’s son should ask for, upon the presentation of the-guaranty. And as it contains no express reference to future transactions, such, we think, should be its construction, if read without regard to the circumstances under which it was written, or acted upon. And in support of such a construction, it is certain that many authorities, both English and American, might be cited. In order, therefore, to extend the meaning of this guaranty beyond the necessary import of its terms, the petition under consideration states that it was written and acted upon under certain circumstances which are supposed to give its language a meaning that it would not otherwise import. But, looking to all the circumstances stated in the petition, we think they are-not sufficient to give the guaranty relied on a more extended meaning than its terms would ordinarily import. It is-averred that the guarator knew that his son was about en *183 gaging in the lumber business, which he expected to carry on for several seasons. But the writing contains no reference to that fact; and it is not averred that the son expected or intended to make a series of purchases of lumber from the plaintiff, and that this fact was known to the father. It is also alleged that the plaintiff’, from time to time, furnished to the son the different bills of lumber stated in their account, in reliance upon this guaranty. But it is not alleged that this fact was, during this time, known to the father, or acquiesced in by him. Had such been the fact, it would be a practical construction of his contract, by the guarantor, which we might well adopt and enforce.
Looking, then, to the language of the guaranty, its operative words are : “ Send my son the lumber he asks for, and it will be all right.” This language clearly imports that the father knew that his son was desirous of procuring some lumber from the plaintiff upon credit. He clearly intended to procure such credit for his son by guaranteeing payment for such lumber as his son should ask for and obtain upon the presentation of the writing to the plaintiff’. And we think it does not clearly import more than this. The guaranty is co-extensive with the order or direction given, and this order was fully complied with when the plaintiff, upon its presentation, sold and delivered to the son the lumber which he then asked for.
Many cases might be cited in which similar language has been confined in its interpretation to a single transaction. Whitney v. Groot, 24 Wend. 82; Gard v. Stevens, 12 Mich. 292; White v. Reed, 15 Conn. 457; Anderson v. Blakely, 2 W. & S. 237.
On the other hand, cases are not wanting in which guaranties no more comprehensive in their form of expression have, under the circumstances of the case, been construed as continuing.
Hpon this subject, it has been well said, that “ the chief difficulty lies in determining what interpretation should be put on a guaranty which is so worded that it may either extend to a series of sales or advances, or be limited to the *184 first. The better opinion would seem to be, that such an instrument should be confined to the immediate transaction, unless the language of the promise is sufficiently broad to show that it was meant to reach beyond the present, and render the guarantor answerable for future credits. The tendency of decision in this country has, accordingly, been against construing guaranties as continuing, unless the intention of the parties is so clearly manifested as not to admit of a reasonable doubt.” 2 Am. Lead. Cas. 141; citing Congdon v. Read, 7 R. I. 576; Gold v. Stevens, 12 Mich. 292; White v. Reed, 15 Conn. 457; Whitney v. Groot, 24 Wend. 82; Webb v. Dickerson, 11 Ib. 62; Aldrich v. Higgins, 16 S. & R. 213; Anderson v. Blakley, 2 W. & S. 237.
We are of opiniou that the judgment of the court of common pleas should be affirmed.

Judgment affirmed.