## Alexander Denniston and George J. DeArmond, trading as Denniston & DeArmond, *v.* Caroline Schaal, Appellant.

*Guaranty—Continuing guaranty—Evidence—Question for jury.*

The terms of guaranties and the circumstances under which they are given differ so greatly in different cases that no very definite rules for determining whether a guaranty shall be considered a continuing one or not, can be given. Certain general principles, however, are well established ; that the instrument is to be construed according to what is fairly to be presumed to have been the understanding and intention of the parties, without any strict technical nicety ; that the language should not be strained beyond its natural import for the purpose of enlarging the guarantor's liability ; and that in ascertaining what was the understanding of the parties the circumstances accompanying the whole transaction are to be looked to.

*Evidence—Parol evidence to explain written agreement.*

It is an elementary principle of the law of evidence that parol evidence is admissible to explain a written agreement so far as to give identity to the subject-matter, and apply the contract to it.

This principle is applicable to a written guaranty in the following words : "I hereby guarantee the account of George Schaal with Denniston & DeArmond to the amount of $150 and will be responsible for payment of the same."

Argued Oct. 5, 1897. Appeal, No. 36, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1891, No. 1114, for want of a sufficient affidavit of defense. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ. Reversed.

Assumpsit for goods sold and delivered.

Suit was brought on the following guaranty:

"To Denniston and DeArmond, importers and jobbers in upholstery goods and cabinet hardware, 925 Rementer Street, Philadelphia, May 10, 1890, I hereby guarantee the account of George Schall with Denniston and DeArmond to the amount of One Hundred and Fifty Dollars ($150), and will be responsible for the payment of the same.          CAROLINE SCHAAL.

"727 McKean Street."

The defendant filed the following affidavit of defense:

"Caroline Schall, the defendant in the above case, being duly sworn according to law, doth depose and say: That she has a full and perfect defense to the claim of the plaintiff in the above case, the nature and character of which is as follows: In the early part of the month of May, A. D. 1890, a son of the deponent, named George W. Schaal, who is an upholsterer by trade, desired to go into business as a manufacturing upholsterer. In pursuance of this object he called upon the plaintiffs in this case, who are dealers in upholstery goods, and desired to purchase material of them to the amount of $150, for the use of his business. The plaintiffs informed the son of deponent that if he could get his mother, the deponent, to become surety in writing for the $150 worth of material he needed, they would give him credit to that amount. The matter of surety was discussed between the parties, and the paper upon which this suit is brought was signed by the deponent upon the distinct and positive understanding that the surety was for $150 worth of goods, and nothing whatever beyond or excess thereof. The son of deponent obtained that amount of goods of the plaintiffs on the strength of deponent's surety, and the debt thus incurred was fully paid and discharged by the son of deponent, in manner and form as follows:

"On date of June 2, A. D. 1890, the plaintiffs received from

634　　　　　DENNISTON v. SCHAAL.

Statement of Facts—Opinion of the Court. [5 Pa. Superior Ct.

deponent's son the amount of $60.00, and duly receipted therefor. On date of June 3, A. D. 1890, the plaintiffs received from deponent's son $68.20, and duly receipted for the same.

"And on date of June 16, A. D. 1890, the sum of $71.00 was paid by deponent's son to said plaintiffs, a part of which said latter sum was the full balance of the $150, which had become due by virtue of deponent's surety. Deponent is therefore fully acquitted and discharged of all pecuniary liability to the plaintiffs upon the paper herein sued upon, and has all the receipts given by the plaintiffs for the amount of the surety in her possession.

"All of which deponent truly believes, and fully expects to be able to prove upon a trial of the cause."

Judgment was entered for want of a sufficient affidavit of defense, and damages assessed at $208.50. Defendant appealed.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*Walter Willard*, with him *Edward Willard* for appellant.

*John A. Ward*, of *Ward & McCullen*, for appellee.—In the following cases the instrument was held to be a continuing guarantee: Laurie v. Scholefield, L. R. 4 C. P. 622; Heffield v. Meadows, L. R. 4 C. P. 595; Burgess v. Eve, L. R. 13 Eq. 450; Wood v. Priestner, L. R. 2 Exch. 66; Simpson v. Manley, 2 C. & J. 12; Mason v. Pritchard, 12 East, 227; Allan v. Kenning, 9 Bing. 618; Bastow v. Bennett, 3 Camp. 220; Merle v. Wells, 2 Camp. 413: Martin v. Wright, 6 Q. B. 917; Nottingham Company, Limited, v. Bottrill et al., L. R. 8 C. P. 694; Mayer v. Isaac, 6 M. & W. 605.

OPINION BY RICE, P. J., November 8, 1897:

The material part of the guaranty on which this action was brought reads as follows: "I hereby guarantee the account of George Schaal with Denniston & DeArmond to the amount of one hundred and fifty dollars ($150) and will be responsible for payment of the same." One called upon to determine the defendant's liability under this paper would naturally inquire what account was referred to. Was it an existing account or

an account about to be opened? If the latter, did the principals contemplate a credit indefinite as to amount and as to time, or a single purchase or several purchases amounting in the aggregate to the sum guaranteed? These questions cannot be answered by reference to the paper alone; or rather, the paper is not so drawn as to preclude inquiry as to its subject-matter, namely the account. It is an elementary principle in the law of evidence for which no authority need be cited, that parol evidence is admissible to explain a written agreement, so far as to give identity to the subject-matter and apply the contract to it. This principle is applicable here. It justified the defendant in setting forth the circumstances under which the paper was given, not for the purpose of contradicting or varying the terms of the written contract, but to explain it by identifying the account to which it refers.

To say that the use of the word "account" conclusively implies a continuing guaranty begs the question. It may or may not, according to the circumstances. Take the present case for illustration. In May, 1890, George W. Schaal, a son of the defendant, desired to go into business as a manufacturing upholsterer, and applied to the plaintiffs, who are dealers in upholstery goods, to purchase of them material to the amount of $150, for his business. The plaintiffs informed him, that, if he could get his mother to become surety in writing for the $150 worth of material he needed, they would give him credit to that amount. Pursuant to these negotiations the defendant made and delivered the paper in question. Construing it in the light of the attendant circumstances, the conclusion is irresistible that the defendant did not intend, and the plaintiffs did not understand her to intend, to guarantee her son's general account, but only the particular account for the $150 worth of goods that he then needed and was then about to purchase. In other words, the plaintiffs contemplated selling, and the son contemplated buying, $150 worth of goods, to be specified thereafter, and the defendant guaranteed payment of that account. When the indebtedness for those goods was paid her liability ceased. The plaintiffs could not continue the credit thereafter for an indefinite time, without notice to her, and hold her always responsible to the amount of $150. Hence when she swears that the matter of her suretyship was discussed between the parties and

that the paper was signed "upon the distinct and positive understanding that the suretyship was for $150 worth of goods, and nothing whatever beyond or in excess thereof," she swears to nothing which would not fairly be inferred from the facts of the transaction as narrated in the affidavit of defense.

The terms of guaranties and the circumstances under which they are given differ so greatly in different cases that no very definite rules for determining whether a guaranty shall be considered a continuing one or not, can be given. But these general principles are well established; that the instrument is to be construed according to what is fairly to be presumed to have been the understanding and intention of the parties, without any strict technical nicety; that the language should not be strained beyond its natural import for the purpose of enlarging the guarantor's liability; and that in ascertaining what was the understanding of the parties the circumstances accompanying the whole transaction are to be looked to : 1 Beach on Contracts, sec. 34; Bank v. Gay, 4 L. R. A. 343, note, and cases there cited; 1 Brandt on Suretyship & Guaranty, sec. 156, etc.; Aldricks v. Higgins, 16 S. & R. 212; Anderson v. Blakely, 2 W. & S. 237 ; Pritchett v. Wilson, 39 Pa. 421–423. Applying these principles to the facts of the case as set forth in the affidavit of defense the defendant was entitled to be heard before a jury.

Judgment reversed and a procedendo awarded.